Neilon vs. The Marinette and Menominee Paper Co.

NEILON, by guardian *ad litem*, Respondent, vs. THE MARI-
NETTE AND MENOMINEE PAPER COMPANY, Appellant.

*January 10 — January 28, 1890.*

*(1-3) Master and servant: Injury to boy: Knowledge of dangers of
employment: Court and jury: Evidence. (4) Appeal: Immate-
rial error. (5) Damages.*

1. In an action by a boy for personal injuries sustained by him while
   wiping the gearings of a paper machine — the testimony of the
   plaintiff and of the defendant's foreman being in direct conflict as
   to whether the latter ordered the plaintiff to wipe the gearings.
   while in motion,— the evidence is *held* to sustain a finding that
   the plaintiff was so ordered.

2. The questions whether the plaintiff, who was fourteen years old
   and wholly unacquainted with the working or use of machinery,
   was of sufficient age and understanding to comprehend the dan-
   gers incident to such employment, and, if not, whether he had
   been sufficiently instructed or cautioned as to the dangers of the
   work, are *held* to have been properly left to the jury.

3. The defendant having introduced evidence tending to show that it
   was not customary to wipe such gearings at any time, whether
   they were in motion or not, it was competent for the plaintiff to
   controvert this by reading such portions of a deposition introduced
   in evidence by the defendant as had not been read by the latter.

4. The jury having been instructed that the plaintiff could not recover
   unless he was ordered by the defendant's foreman to wipe the
   gearings while in motion, and having found that he was so or-
   dered, a judgment for the plaintiff will not be reversed for an
   error in refusing to strike out as not responsive a part of the an-
   swer of a witness, having only a very remote bearing on the main
   issue, and which could not have prejudiced the defendant.

5. There being nothing to indicate prejudice or improper motives on
   the part of the jury, a verdict awarding $3,000 for an injury to a
   boy fourteen years old, resulting in the loss of three of his fingers,
   is sustained.

APPEAL from the Circuit Court for *Marinette* County.
The following statement of the case was prepared by
Mr. Justice TAYLOR as a part of the opinion:

This action was commenced by the plaintiff to recover

damages for an injury sustained while in the employment of the defendant. The undisputed facts, as shown by the evidence on the trial, are the following: On the 7th of July, 1886, the plaintiff entered into the employ of the defendant in its paper-mill. For a week or ten days he was employed about the mill in carrying rags, shoveling sawdust, etc. For three days before the accident complained of happened, he was employed sweeping and cleaning the floor of the mill in the room where the paper machinery was placed, and on the 20th of July, 1886, while so employed, he was injured by getting his fingers caught in the gearing of the paper-machine. The only evidence as to what the plaintiff was doing when he was injured is his own testimony. He says he was wiping or cleaning the gearing of the paper-driers at the time, with a rag, and that his fingers were drawn into the gearing of the paper-driers, and he lost three of his fingers. At the time of the accident the plaintiff was fourteen years old, and up to the time he entered the employment of the company he had always resided on a farm and had no knowledge of the working of machines or of machinery. It was also undisputed that these gearings were on the back side of the paper-machine,— uncovered cog-wheel gearings, about sixteen inches in diameter, seventeen in number, and all in motion when the machine was in use; and that it was a very dangerous business to undertake to wipe the gearings when in motion,— so dangerous, in fact, that, as the evidence of the defendant tends strongly to show, they never were wiped at all while in motion, if wiped at any time. The evidence also tends to show that to work at all behind the machine while in motion was more or less dangerous, on account of the limited space between the machine and the wall.

The other facts are controverted. The plaintiff testified that shortly before he was injured, and just after dinner,

the foreman, Charles McAlpine, the man who employed him and under whose direction he worked, ordered him to get a rag and wipe the gearing of the machine; that when he gave the order they were standing in front of the machine, and McAlpine pointed to the gearings, and directed him to get a rag and wipe them; that he got a rag, and commenced wiping them while the machine was in motion, and, after working on them about fifteen minutes, he was caught by the gears and injured. The evidence of the foreman contradicts the plaintiff, and he testifies that he never directed him, at that or any other time, to wipe the gearings on the back part of the machine. He also testifies that it was not the custom to wipe these gearings at any time, either when the machine was in motion or at rest. Other witnesses for the defendant testified that it was not the custom to wipe these gears at any time. John Humphreys, a witness for defendant, testified that on the same day the plaintiff was injured, but in the forenoon, the plaintiff went in back of the driers with a rag to wipe them off, and he brought him out by going back to that part of the machine and telling him to come away from there and not go in there any more while the machine was in motion. This is denied by the plaintiff in his testimony. McAlpine testified that he set the plaintiff to clean up back of the machine, in the forenoon, and that he may have told him to wipe the frame of the machine, but never ordered him to clean the gearing at all. On his cross-examination, McAlpine said: "I gave him no directions to clean the gearing, but set him to work to clean up back there in the forenoon. I don't remember just what I said to him; told him to go back there and clean up." On the direct examination, McAlpine said that "the duty of the plaintiff consisted principally in cleaning up; keeping the mill clean around; sweeping; sweeping up the floors; and sometimes shoveling sawdust; and such jobs."

Upon the trial the learned circuit judge submitted to the jury the following questions, and the jury answered them as indicated: "*First*. Was the plaintiff at work wiping off the gears of the driers in defendant's machine room, while in motion, at the time he was injured, by direction of Charles McAlpine, the defendant's foreman? Answer. Yes. *Second*. If your answer to the last question be 'Yes,' then was the plaintiff of sufficient age and understanding to comprehend the dangers incident to such work or employment? A. No. *Third*. If you answer the first question 'Yes,' and the second question 'No,' then had the plaintiff been sufficiently instructed or cautioned as to the dangers of the work to enable him to comprehend and understand them prior to the accident? A. No. *Fourth*. If you answer the first question 'Yes,' and the second and third questions 'No,' then at what amount do you assess the plaintiff's damages? A. $3,000."

From the judgment entered on the verdict, in favor of the plaintiff, the defendant appeals.

For the appellant there was a brief by *Fairchild & Fairchild*, and oral argument by *H. O. Fairchild*. To the point that the court erred in submitting to the jury the question whether plaintiff was of sufficient understanding to enable him to comprehend the danger involved in the work which he claims he was directed to do, they cited, *Nagle v. A. V. R. Co.* 88 Pa. St. 35; *Youll v. S. C. & P. R. Co.* 66 Iowa, 346; *McGinnis v. Canada S. B. Co.* 49 Mich. 466; *Ciriack v. Merchants' Woolen Co.* 146 Mass. 182; *Rockford, R. I. & St. L. R. Co. v. Delaney*, 82 Ill. 198.

For the respondent there was a brief by *Hudd & Wigman*, and oral argument by *J. H. M. Wigman*.

TAYLOR, J. In submitting the case to the jury, the learned circuit judge proceeded upon the theory that the plaintiff could not recover unless he satisfied the jury from

JANUARY TERM, 1890. 583

Neilon vs. The Marinette and Menominee Paper Co.

the evidence that the foreman, McAlpine, directed him to do the work he alleged he was doing when he was injured. This is evident, not only from the nature of the questions submitted to the jury, but from his instructions to them. After some general remarks, and some reference to the evidence in regard to the question as to whether McAlpine directed the plaintiff to wipe or clean the gearing, as plaintiff alleged he did, the learned judge said: "Now, the first question that you must determine is, What are the facts? Was he instructed to go in there and wipe these cogs of this gearing while the machinery was in motion? That is the first and most important question in the case, and, if you find that he was not so instructed, . . . So, so far as that question is concerned, it resolves itself simply into a question of veracity, which you are to determine from the testimony of the two witnesses, in connection with all the other circumstances in the case; and if you find that he was not instructed to do that work, then it appears that he was doing something that nobody authorized or directed him to do, and the defendant under no theory of the law is responsible for an injury that occurred to him while he was doing that." This instruction is the most favorable view of the case for the defendant, and it certainly cannot be complained of by the defendant, although the plaintiff might perhaps have been entitled to recover, even though he had "not been instructed to wipe off the gears of the driers," which was the question submitted to the jury, and not that he was instructed to wipe the cogs of the gears; and, so far as appears from the record, there is no claim made that the plaintiff was instructed to wipe the cogs of the gears, or that he was doing that, or attempting to do it, when he was injured. He was certainly liable to be injured if he attempted to wipe off any part of the gears with a rag while they were in motion. There was no necessity for his attempting to wipe the cogs of the gears in order to

endanger himself.   But, as the court limited the plaintiff's right to recover on an affirmative answer to the first question submitted, it seems to us the only real question in the case upon the facts is whether there is any evidence to sustain the finding of the jury upon that question.

Certainly the plaintiff, by his testimony, affirmed that fact; but it is said his statement is contradicted by the testimony of McAlpine, and that the presumptions strongly favor the denial of McAlpine.   The fact, however, remains that this inexperienced boy was in fact at work about these gearings at the time he was injured, and while they were in motion.   This is established from the fact that the rag which he claims to have been using was found in the gearing.   It was certainly a fair argument to submit to the jury that the boy would not of his own volition, and without direction from some one he supposed had authority to direct him, have been engaged in that work.   It is fair to presume that he at least supposed he had been directed to do what he was doing when the accident happened.   McAlpine says that he set the boy at work back of the machine (where these gears were) in the forenoon, and that he may have told him to wipe the frame of the machine, but that he did not tell him to clean the gearing.   On this evidence, we cannot say that the jury were not authorized to find that the statement made by the boy was true.   This fact having been found in favor of the plaintiff, the negligence of the defendant in directing this boy to do this dangerous work is clearly established.   In a case of this kind, the direction of the foreman who employs and directs the work of the employees is held to be the act of the master.   See *Coombs v. New Bedford Cordage Co.* 102 Mass. 599; *Gilman v. E. R. Co.* 13 Allen, 433; Smith, Mast. & Serv. (3d ed.), 212; *Grizzle v. Frost,* 3 Fost. & F. 622; *Jones v. Florence Mining Co.* 66 Wis. 268, 283; Beach, Contrib. Neg. § 132, and cases cited.

Neilon vs. The Marinette and Menominee Paper Co.

The only other defense to the plaintiff's right to recover is that the danger was so plain and open to the observation of any one that a boy of fourteen years wholly unacquainted with the working or use of machinery, if he undertook to obey the order, assumed all the risks attendant thereon, and cannot therefore recover; and the learned counsel for the appellant contend that the second question, which submits that question to the jury, should not have been submitted to them as a question of fact, but should have been decided by the court in favor of the defendant, as a question of law.

We cannot agree with the learned counsel for the appellant in this contention. It is not at all clear to our minds that a boy of about fourteen years, wholly inexperienced in the use of, or in working about, machinery, would clearly comprehend the dangers attendant upon the work he affirms he was directed to do. If he was directed to do the work, as we must believe he was for the purposes of this case, without any caution or warning on the part of the person directing it to be done, he would be very likely to undertake to do it without much thought as to its being dangerous or otherwise. The danger attendant upon the work would not be likely to occur to him, as he says it did not. It is this tendency to thoughtlessness on the part of a boy, when without experience, which makes it incumbent upon the experienced master to caution him when he puts him in a place of danger.

We think that, under the decisions of this court and of other courts, the second and third questions were properly submitted to the jury as questions of fact, and, upon the evidence, were properly answered by the jury. These questions seem to be so well settled by the courts that we deem it unnecessary to cite more than a few of the leading authorities which affirm them. *Coombs v. New Bedford Cordage Co.* 102 Mass. 572; *O'Connor v. Adams*, 120 Mass.

427; *Dowling v. Allen,* 74 Mo. 13, 16, 17; *Hickey v. Taaffe,* 105 N. Y. 36, 37; *Sullivan v. India Mfg. Co.* 113 Mass. 399; *Finnerty v. Prentice,* 75 N. Y. 615; *Jones v. Florence Mining Co.* 66 Wis. 268; *Nadau v. White River L. Co.* 76 Wis. ——. We have carefully read the instructions given by the learned circuit judge to the jury, and are satisfied that they were sufficiently favorable to the defendant, and that they contain nothing which could have prejudiced the defense.

The exceptions taken by the appellant to the reading by the plaintiff of some parts of the deposition of the witness Humphreys we do not think well taken. The testimony of this witness had been taken on the motion of the defendant. On the trial, the defendant contented itself by reading only a small portion of such deposition, and thereupon the plaintiff offered to read other portions thereof on his behalf. No exception is taken as to the right of the plaintiff to use the parts of the deposition taken by the defendant, and not read by him on the trial, when the parts so offered to be read were competent evidence in the action. In this case, the objection made by the learned counsel for the appellant is that the parts offered to be read are not competent evidence in this action. The object of the testimony of this witness was to prove that it was not the custom of the company to wipe these gearings when they were in motion, and in the part of the deposition read by the defendant he so testified. The defendant on the trial had also given evidence tending strongly to show that the custom was not to wipe these gearings at any time. The answer of the witness Humphreys tended to contradict this claim of the defendant made by the testimony of its other witnesses, and was clearly competent for the plaintiff, for the purpose of contradicting the other witnesses. The defendant seemed to think it important to its defense to show that the custom was not to wipe these particular gears at

any time, whether they were in motion or not, and it was competent, therefore, to controvert this claim by the testimony of other witnesses. We think it was competent and pertinent to the defense to prove, if it could, that it never was the custom to wipe these particular gearings at any time. This fact would tend strongly to sustain the contention that the foreman did not order the plaintiff to do so at the time in question; it went to the credibility of the opposing witnesses. The evidence being competent, and admitted for the defendant, there was no error that it can complain of in permitting the respondent to show the contrary.

The exception taken to the ruling of the trial judge, upon the motion of the defendant to strike out a portion of the answer of Humphreys to one of the interrogatories in the deposition, denying such motion, is also alleged as error. That part which the defendant moved to suppress reads as follows: " As I should have considered that a part of his work." The interrogatory, to which this is a part of the answer, reads as follows: " Did you, at any time prior to such accident, set the plaintiff to work wiping the gearing of the paper rollers, or any other gearing in the paper-machine, while the same was not in motion." The answer is, " I don't remember whether I set the plaintiff to work wiping the gearing of the paper rollers or not. I may have done so when the machine was not in motion, as I should have considered that a part of his work." The interrogatory was one propounded by the defendant, and not by the plaintiff, and no objection was made to such interrogatory by the plaintiff. The plaintiff had therefore the right to read the answer so far, at least, as it was responsive to the question, under the decision of this court in *Hazleton v. Union Bank*, 32 Wis. 34, 46. It is urged that the part of the answer which the defendant moved to suppress was not responsive to the question, and should therefore have been

suppressed. We are not entirely satisfied that the objection that this part of the answer is not responsive to the question is well taken. We think it would have been competent as cross-examination by the plaintiff upon the question propounded by the defendant, so that the answer was competent evidence in the case. The part of the answer moved to be stricken out is at least explanatory of the responsive part of the answer, and therefore responsive. But, if it should be held as not responsive to the interrogatory, still it was, under the ruling of the trial court, quite irrelevant, and could not have prejudiced the defendant. As the case was submitted to the jury, it became a matter of no importance what had been the custom in regard to wiping the gearings prior to the accident. The learned judge expressly directed them that, unless they found that McAlpine directed him to do the work he undertook to do while the machinery was in motion, the plaintiff could not recover. The effect of this direction was to say to the jury, "No matter whether it had been the custom to wipe these gearings when the machinery was not in motion or not, and no matter whether the plaintiff had been instructed to wipe this machinery when not in motion, still the plaintiff cannot recover in this action, unless you find that McAlpine directed him to wipe the gearings at the time of the accident and when the machine was in motion." All the evidence, therefore, given on the part of the defendant, tending to show that it was not the custom to wipe this particular machinery at any time, whether in motion or not, became immaterial, except as it might indirectly bear upon the credibility of the witnesses for the defendant, who testified that it was never wiped at any time. The bearing of this part of the answer objected to is too remote from the main issue in the case to justify a reversal of the judgment, even if it should be held not responsive.

It seems to us, after a careful consideration of the whole

case, that the defendant has had a fair trial upon the evidence, and that the law of the case was so submitted to the jury by the learned circuit judge as not to prejudice the rights of the defendant. It is said the damages are excessive. That question, within reasonable limits, is a question for the jury, and there is nothing in this case which indicates that the jury have been actuated by prejudice or other improper motives in determining the question of damages. It is also urged that the learned judge, in the latter part of his instructions, directed the jury in such way that they might have found damages in favor of the plaintiff for loss of services during his minority. We do not think the jury were or could have been misled upon that point, under the instructions of the court as a whole. They were expressly told that they must not assess any damages for loss of services during his minority. The jury were not likely to be misled by the general language used at the close of the charge. Properly understood, the latter part of the instructions is not in conflict with the former specific instructions on that point.

*By the Court.*— The judgment of the circuit court is affirmed.