# D. LEVY & SONS vs. LOTTIE MAY CLARK, an Infant, by Her Father and Next Friend, JAMES T. CLARK.

*Negligence—Master and Servant—Exposure of Employee to Hidden Danger Without Warning.*

Plaintiff, an inexperienced girl fifteen years of age, was employed in the laundry department of defendants' shirt factory upon work not connected with the operation of machinery. On the day of the injury for which this action was brought, she was ordered by the forewoman to assist in passing cuffs and bands between the iron rollers of a dampening machine run by steam. She was not warned that her fingers might be caught between the rollers, although to an inexperienced person they seemed to be too close together to admit of this ; no instructions were given to her, and the guard usually on the machine to protect the hands of operators was not in its place. A few minutes after being put at this work plaintiff's hand was caught between the rollers as she fed the machine and it was crushed. *Held*, that there was legally sufficient evidence of negligence on the part of the defendant to be submitted to the jury.

Appeal from a judgment of the Superior Court of Baltimore City (Ritchie, J.)  Plaintiff obtained a verdict of $300.

The cause was argued before McSherry, C. J., Fowler, Page, Boyd, Pearce and Schmucker, JJ.

*C. Hopewell Warner,* for the appellants.

The plaintiff knew or should have known of the danger as fully without a warning as if it had been given to her. *Bohn Mfg. Co.* v. *Erickson,* 55 Fed. Rep. 947 ; *Hettchen* v. *Chipman,* 87 Md. 731 ; *Michael* v. *Stanley,* 75 Md. 472 ; *Hickey* v. *Taaffe,* 105 N. Y. 26 ; *Sullivan* v. *India Mfg. Co.,* 113 Mass. 399.

Plaintiff, although not of full age, took upon herself the

ordinary risks of the employment. *Fish* v. *Central R. Co.*; 72 Cal. 42 ; *King* v. *Boston R. Co.*, 9 Cushing, 114 ; *Phil-. lips* v. *Michael*, 11 Ind. App. 678 ; *Berger* v. *St. Paul R. Co.*, 39 Minn. 78 ; *Kelly* v. *Asphalt Co.*, 93 Ky. 363 ; *Coullard* v. *Tecumseh Mills*, 151 Mass. 85 ; *Crowley* v. *Pacific Mills*, 148 Mass. 228.

Where a servant knows the dangerous character of the work, or where that dangerous character is self-evident, so that he should know of it with the exercise of reasonable care, his employer is not bound to explain the danger to him. *Sullivan* v. *India Mfg. Co.*, 113 Mass. 396 ; *Ciriack* v. *Wollen Co.*, 146 Mass. 182 ; *Crowley* v. *Pacific Mills*, 148 Mass. 228 ; *O'Keefe* v. *Thorn*, 16 Atl. Rep. 737 ; *Hickey* v. *Taaffe*, 105 N. Y. 26 ; *State, use Hamlin*, v. *Malster and R.*, 57 Md. 287 ; *Yates* v. *McCullough Iron Co.*, 69 Md. 370 ; *Michael* v. *Stanley*, 75 Md. 464 ; *Hettchen* v. *Chipman*, 87 Md. 729.

In Maryland the cases hold that for the employee to be entitled to recover for injuries sustained by him in operating machinery, he must show that the injury was caused solely by the fault of the employer, or those representing him, and where the servant directly contributed by his conduct to produce the accident, he cannot recover. *Michael* v. *Stanley*, 75 Md. 464 ; *Yates* v. *McCullough Iron Co.*, 69 Md. 370 ; *Hamlin* v. *Malster & Reaney*, 57 Md. 287 ; *B. & O. R. R.* v. *Stricker*, 51 Md. 47 ; *Hettchen* v. *Chipman*, 87 Md. 729.

*Richard H. Worthington* (with whom was *J. Markham Marshall* on the brief), for the appellee.

McSHERRY, C. J., delivered the opinion of the Court.

This is another of the numerous actions for personal injuries which of late years have so often engaged the attention of the Courts. It seems to us that the principles controlling such cases have been so thoroughly and .definitely settled in Maryland that there ought to be no longer any necessity to discuss them, and certainly there ought to be

no occasion to look beyond the State for adjudged cases to illustrate their application.   The application of those principles to the facts of a particular case is generally not a difficult matter.   Especially is it not difficult when practically identical conditions existing in other decided cases are again presented.   The single question raised on this appeal is whether there was legally sufficient evidence of negligence on the part of the defendants to justify the trial judge in submitting the case to the jury.   In considering that question it will not be necessary to advert to or discuss any of the testimony other than that adduced by the plaintiff, and the testimony so adduced must be assumed and taken to be true.   As thus narrowed down, the case becomes entirely free from difficulty.

The plaintiff, a girl, was at the time the accident happened but fifteen years and four months of age.   The defendants carried on a shirt factory.   About three weeks before the injury was sustained, the plaintiff sought and was given employment by the defendants in their factory.   She was placed at work in the laundry department.   Her work was confined to opening shirt cuffs and bands, so that they might be run through the dampening machine, prior to being ironed.   Her duties did not require her to operate any of the machinery.   She was unfamiliar with the dampening machine and was given no warning or instructions in regard to its perils or its uses.   Both the ironing and the dampening machines consisted of two rollers, which revolved in contact, one above the other.   They were driven by steam.   The dampening machine was provided with one damp roller, and the ironing machine with one hot roller. The cuffs and bands were first passed through the dampening machine.  This machine was fitted with a guard.  Under this guard the articles to be dampened were thrust ; and against the guard the hand would strike and thus be prevented from touching the rollers.   Without the guard the hand of the operator was liable to come in contact with the rollers in pressing the articles through.   The rollers were

so close together as to lead an inexperienced or uninstructed person to believe that the finger or hand could not be drawn between them. To such a person they were not a warning of danger—that is to say, the danger of injury was not open, obvious or apparent to one so circumstanced. On the day of the injury the plaintiff was called by the forewoman from her regular work of opening cuffs and bands and told to assist at the dampening machine. She was given no instructions and no warning. She had seen others feed the machine. The guard, about which she knew nothing, was not on the machine, but was on the floor, at the time she was told to assist at the machine. Without the guard being on the machine to protect her hand; without warning that her hand would or might be drawn between the rollers and crushed if it came in contact with them ; and believing, as she says, that the rollers were too close together to permit her hand to get between them, she, though not employed to operate any machinery at all, was put to work on the dampening machine ; and in fifteen minutes afterwards her hand was caught and carried between the rollers and crushed. She states that as she fed the machine, several cuffs or bands piled together, and in attempting to separate them her hand slipped and was caught. This is the plaintiff's case. Assuming as we must on this demurrer to the evidence, the truth of her account of the accident, what legal principle would have required the Court to take the case away from the jury and thus to deny the plaintiff a right to recover ?

The foundation of the plaintiff's claim to recover is that the injury was due to the negligence of the defendants. Of course if there was no negligence, or stating the same thing in other words, if there was no breach of a duty that the defendants owed to the plaintiff, then, though there was an injury, there is no right of action. There must be negligence and there must be an injury ; and between these, there must exist the relation of cause and effect, to constitute a ground of action. It comes, then, to the inquiry,

whether there was any legally sufficient evidence tending to show a breach of duty on the part of the defendants towards the plaintiff. Of this, there ought to be no doubt, as the record now stands.

Ordinarily, it may be laid down as the general rule that the servant assumes the risk of all open, obvious and apparent perils incident to the service he undertakes. This rule is qualified when the servant, by reason of tender years, is unable to appreciate or understand those perils from his own observation. In such instances it becomes the duty of the master to warn the servant of the existence of the dangers, which, though visible to others, are not evident to one of immature years—and are not evident to him because of his want of capacity, growing out of that immaturity, to himself appreciate or comprehend them. The duty to warn a child of the dangers incident to a hazardous employment does not arise when the child, though young and inexperienced, actually knows the peril.

Now, in this case, according to the testimony of the plaintiff—and its credibility was solely for the jury—no warning of any kind was given her of the danger she incurred if she suffered her hand to come in contact with the revolving rollers. She did not appreciate that danger because she believed the rollers were too close together to permit her hand to get between them. This was a perfectly natural conclusion for a young girl, who had never worked about machinery, to reach. She was given no instructions whatever, but was suddenly taken from the work which she had been employed to perform, and was put to doing work of a kind she had been informed, when hired, that she would not be called on to do. There was obviously under these conditions a clear duty owed by the master to her, to warn and caution her as to the perils of the task. The failure to give that warning or caution in these circumstances, was undoubtedly negligence which directly caused the injury. Then again: the dampening machine was certainly dangerous and known to be so to the defendants. Persons

using it were liable to get their hands caught and crushed therein, or there would have been no occasion to provide a guard to prevent just such an accident as did occur. If the guard was a proper precaution to prevent injury, then, certainly, it was negligence to direct an inexperienced and uninstructed girl to operate that machine when no guard was upon it. The danger, which was open and was known to the master, was hidden from and was unknown to the servant, and yet the master directed the servant to use the machine when, by reason of the absence of the guard, it was more dangerous than it would have been otherwise. The master, by furnishing a machine in an unsafe condition, was guilty of negligence, under all the facts in evidence on behalf of the plaintiff.

There being, then, evidence of negligence which was properly submitted to the jury, it would have been error had the learned judge withdrawn the case from the consideration of the jury. The ruling, which sent the case to the jury, was right ; and the judgment, which was in favor of the plaintiff, will be affirmed.

> *Judgment affirmed with costs above and below.*