THE NATIONAL ENAMELING AND STAMPING COMPANY *vs.* EDWARD BRADY, by His Guardian and Next Friend.

*Negligence—Master and Servant—Injury to Inexperienced Employee Ordered to Operate Machine When no Instruction or Warning of Danger is Given—Work Ordered Outside of Scope of Employment— Defective Machinery—Instructions to the Jury.*

It is the duty of an employer who directs an inexperienced employee to operate a machine to give the employee warning of the danger involved in its operation and such instruction in its use as will enable him to operate it safely by the use of reasonable care : and this duty on the part of the employer becomes more imperative when the hazard to which his order subjects a youthful employee is not within the contemplation of the contract of service.

When an employee is ordered to operate a machine and this work is outside of the scope of his employment, the master is liable for an injury caused by the defective condition of the machine, although he may have used due care in procuring safe machinery and had no knowledge that the machine was out of repair.

Plaintiff, a boy fourteen years old, employed in defendant's factory, was ordered to operate a machine for making the thread upon screw caps for tin cans, and a few minutes after beginning this work his hand was caught in the machinery and injured. The plaintiff's evidence showed that when he first went to the factory a year before the accident, it was agreed between his mother and defendant's superintendent, that plaintiff was not to be employed to work at any machine ; that before the day of the accident plaintiff had been required to do handwork only ; that no instruction as to the use of the threading machine was given to him before being put to work upon it; that two or three days were needed to teach a boy to use such machine properly, and also that the machine was out of repair on the day of the injury. Much of this evidence was contradicted by the testimony on the part of the defendant. *Held*, that the jury was properly instructed that if they found that the plaintiff, a boy of fourteen years, was put to work at the machine without previous knowledge of the mode of operating it, and without warning as to its dangerous character, and was injured while operating it, without fault on his part, and that the work of operating machines was excluded by the contract of employment made with the plaintiff's mother, then the plaintiff is entitled to recover.

Appeal from the Court of Common Pleas (PHELPS, J.), where there was a judgment on verdict for plaintiff for $500.

The cause was argued before McSHERRY, C. J., BRISCOE, PAGE, SCHMUCKER and JONES, JJ.

*Wm. L. Marbury* and *Jesse Slingluff*, for the appellant.

*Howard Bryant* and *James E. Godwin*, for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.

The appellant in this case conducted a tinware factory in Baltimore City. In the factory a variety of machines were operated among which was one used to form the thread upon screw caps for tin cans. The equitable appellee was employed at the factory and while engaged in operating the threading machine had one of his fingers cut off by it.

The record shows that in operating this machine the tin cap in its unfinished state is placed upon a die and then a treadle underneath the machine is pressed by the foot of the operator and the threader comes down upon the cap and forms the thread of the screw by compression. The operator then takes his foot from the treadle and with his hand withdraws the finished cap from the die and places another unfinished cap upon it and again presses the treadle with his foot and the operation is repeated. The threader does not come down upon the die until the treadle is pressed but if the latter is held or fastened down the power remains on the machine and the threader goes up and down upon the die continuously. In the present case the injury to the appellee was caused by the threader coming down upon his hand while he was endeavoring to withdraw a finished cap from the die.

The appellee sued for damages for the injury and the verdict and judgment being against the appellant it appealed. The exceptions bring before us for review the action of the Court below in granting the plaintiff's first and third prayers and rejecting all of the defendant's prayers and overruling its special exception to the plaintiff's first prayer. The Court modified the first prayer of the plaintiff before granting it and that prayer as modified presents the substantial issue arising upon the record.

· At the trial of the case there was evidence tending to show that when the equitable appellee, who is an orphan, was thirteen years old he was taken to the factory by his mother and hired to the appellant, at which time, according to the mother's testimony, it was distinctly agreed between her and the appellant, by its then superintendent Pumphries, that the appellee was not to be put to work at any machine. She further testified that when Mr. Eckels succeeded Pumphries as superintendent she went again to the factory and renewed with him the agreement as to the character of work to be done by the appellee, and her sister who was present at the interview with Eckels corroborated her account of it. Eckels testified that he was unble to remember any such interview or understanding but he did not deny their occurrence.

· There was also testimony tending to show that during the first year and a half of the appellee's employment at the factory he was given only hand work to do but was at the expiration of that time, by direction of the foreman Eckels put to operating the threading machine, and that after he had worked it but for a few minutes his hand was caught and injured while he was trying to loosen a completed cap from the die. He himself testified that he had no knowledge of the running of the machine and received no instruction how to manage it when he was put to working it. Several of the employees at the factory who had operated the same machine or other similar ones testified that it would require from one to two days to teach a boy how to use such a machine properly or with safety.

Much of this testimony was contradicted and other witnesses employed about the factory expressed the opinion that any one could learn to use the machine in a few minutes or one hour and that its operation was not attended with any danger, but as there was direct testimony as the several matters to which we have above referred the Court in granting the plaintiff's first prayer as modified very properly left it to the jury to determine the weight of the evidence in that connection.

The plaintiff's first prayer was as follows: "The plaintiff

prays the Court to instruct the jury that if they find from the evidence that the defendant put the plaintiff to work upon the machine and that the said machine was dangerous to operate and that the plaintiff had no previous knowledge of the mode of operating said machine or of its dangerous character and that the defendant did not warn the plaintiff of the dangers incidental to operating said machine and because of said failure of the defendant to warn or inform the plaintiff of the dangerous character of said machine and without fault on the part of the plaintiff, the plaintiff was hurt while operating said machine, then the verdict of the jury should be for the plaintiff," to which the Court added "provided the jury further find that the duty of operating the machine was excluded by the contract of employment made with the plaintiff's mother if the jury shall find the same and that the plaintiff was at the time a boy of about fourteen years of age and that his father was dead."

The appellant excepted specially to the granting of this prayer for want of legally sufficient evidence that the appellee did not know how to operate the machine or that the accident to him was caused by any failure on the part of the appellant to warn him of the dangerous character of the machine. The learned Judge below overruled this exception and his action in so doing meets our approval. The appellee testified directly to both of the facts referred to in the exception. Eckels, the superintendent, who put him to work the machine, admits that he gave him no instructions as to its use, and as we have already said several of the operatives at the factory who had worked on similar machines testified that it would take a day or two to learn to run one of them. It is true that the evidence was quite conflicting especially as to the appellee's familiarity with the machine when he was put to work on it but the weight and preponderance of the evidence were questions for the jury.

Nor do we find any reversible error in the granting by the Court of the prayer now under consideration. If the jury found that the terms of the contract of hiring between the ap-

pellant and the mother of the appellee excluded the operating of the machine by the latter then the hazard of working it was not one of the risks of his service which he was bound to assume. The *modus operandi* of the machine was fully explained by witnesses familiar with its use and the question of its dangerous character *vel non* was fairly left to the jury by the prayer. So also the questions of the youth of the appellee, the terms of his employment, the extent if any of his previous knowledge of the character and mode of operation of the machine and the absence of fault on his part in operating it when he was hurt were all fairly left to the jury. If the jury found for the appellee upon these issues and further found that no warning or instruction was given him when he was put to work upon the machine they were justified in rendering their verdict in his favor.

Even in cases of employment generally of persons of immature age to work in factories where machinery is used the authorities agree that if the operation of a machine involves danger to an inexperienced person both justice and humanity impose upon the employer, when directing a youth without previous knowledge of the machine to work upon it, the duty of giving him such warning or instruction as would enable him to operate it safely by the use of that degree of care which might reasonably be expected of him. *Hettchen* v. *Chipman*, 87 Md. 729; *Levy* v. *Clark*, 90 Md. 150; *Grizzle* v. *Frost*, 3 Foster & Fin. 625; *Glover* v. *Dwigt Mrf. Co.*, 148 Mass. 25; *Neilson* v. *M. & M. Paper Co.*, 75 Wis. 585; *The Pittsburg, C. & St. L. R. R.* v. *Adams*, 105 Ind. 165; *Robertson* v. *Cornelson*, 34 F. R. 716. This duty upon the part of the employer becomes more imperative in instances when the employment is special and the hazard to which he by his direction subjects the minor employee is not within the contemplation of the contract of service. *U. P. R. R. Co.* v. *Fort*, 17 Wall. 553 (84 U. S.); *Hinckley* v. *Horazdowsky*, 133 Ill. 359; *C. & N. W. R. R. Co.* v. *Bayfield*, 37 Mich. 205.

In the case of *The Pittsburg, C. & St. L. R. R. Co.* v. *Adams, supra*, the Court, in discussing the liability of the defendant

for an injury to a minor when engaged by direction of his employer at work without the scope of his employment, say, "When by order of the master the servant is carried beyond his employment he is carried away from his implied undertaking to assume the risks incident to the employment. Hence it is that when a servant is thus by orders of his master put at work outside of his employment and is injured by reason of defective machinery, railroad track, etc., without his fault, the master is liable regardless of the care he may have exercised to keep the machinery, railroad track, etc., in a safe condition."

There was evidence in the present case tending to show that at the time of the accident by which the appellee was injured the machine upon which he was working was out of repair and that the spring which was intended to lift up the treadle after the operator removed his foot from it, was too weak to raise the treadle and that consequently the power remained on the machine and the threader came down again upon the die unexpectedly. The appellee himself attributed his injury to this alleged defective condition of the machine. There was also evidence that this machine had been out of order in the same respect on several previous occasions and had been reported to the foreman who caused it to be repaired, but there was no evidence that he had any notice or information that it was out of repair when the appellee was put to work upon it.

If there had been no evidence in the case tending to show that the terms of the appellee's employment excluded the operation by him of any machine, then the fact that the machine by which he was injured was out of repair would not of itself have made the appellant liable for the injury, unless the appellant knew or by the exercise of reasonable care could have known of the machine's defective condition. Hence the Court properly rejected the appellee's second prayer which based his right of recovery solely upon the finding by the jury that he had been injured, without fault of his own, by reason of the defective condition of the machine, without requiring them also to find either that working at the machine was without the scope of his employment or that the appellant knew or by the

exercise of reasonable care could have discovered the defective condition of the machine.

The defendant's first prayer sought to take the case from the jury for want of evidence of any breach of duty on its part to the plaintiff. Its second prayer declared that even if the plaintiff's injuries were caused by the defective condition of the machine the plaintiff could not recover, unless the jury found that the defendant failed to use reasonable care in procuring sound machinery for the use of its operatives. Its third prayer denied the right of the plaintiff to recover, because his injury resulted from the neglect of his co-employees to report to their foreman that the machine was out of repair so that it might be remedied.

After what we have already said we do not deem it necessary to discuss these three prayers in detail. The first and third prayers are inconsistent with the propositions which we have already said should control the case, and the second prayer entirely ignores the possibility of the jury finding the state of facts asserted in the plaintiff's first prayer which we have held was properly granted by the Court.

The judgment appealed from must be affrmed.

*Judgment affirmed with costs.*

(Decided June 13th, 1901.)