## THE MERCANTILE LAUNDRY CO. *vs.* CHARLES E. KEARNEY.

*Negligence—Master and Servant—Dangerous Machine—Sufficiency of Evidence.*

The evidence of negligence on the part of an employer is legally sufficient to go to the jury when the plaintiff, a youth eighteen years of age, shows that he was directed to operate a machine in defendant's laundry called a wringer; that he was inexperienced in the use of the machine which was dangerous and no warning of the danger or instruction as to the mode of operation was given to him; that the place where he

worked was insufficiently lighted and that a few days after beginning this work a sheet flew out from the rapidly revolving wringer and becoming wrapped about plaintiff tore off one of his arms,

Appeal from the Baltimore City Court (SHARP, J.), where there was a verdict and judgment thereon for plaintiff for $2,000.

The cause was argued before MCSHERRY, C. J., FOWLER, BRISCOE, BOYD, PEARCE and SCHMUCKER, JJ.

*William L. Marbury* and *Geo. Weems Williams* (with whom was *Carroll T. Bond* on the brief), for the appellant.

*J. Cookman Boyd* (with whom was *Charles R. Schirm* on the brief), for the appellee.

FOWLER, J., delivered the opinion of the Court.

This is another of the numerous actions brought to recover damages resulting from personal injury.

The plaintiff, a boy eighteen years of age, was in the employ of the Mercantile Laundry Company of Baltimore City. He had been driving the company's wagon for some months, when on December 17th, 1900, he was employed to run certain machines in the laundry called wringers or extractors, which were used for the purpose of wringing or drying out the clothes. He had been engaged in this occupation four or five days when the accident happened.

It is unnecessary to minutely describe the machinery which was being operated by the plaintiff. It is sufficient to say for the present purpose that the wringers after having been filled with the wet clothing, were rapidly revolved by steam power— in order to expel the water from them. While the wringer was thus in motion, and the plaintiff was standing in the proper and usual position to do his work, at the side of the machine, the accident happened. He thus describes it: "I was standing at the side of the wringer and I had reached my hand up to give this wringer more steam at the valve; I was standing between the wall and the wringer almost, this hand

near the wringer, and I just turned to give it more steam and a sheet flew out and wrapped around me." His arm was torn off about two inches below, and broken in three places above, the elbow. In reply to the question if he could tell how the accident happened he replied, "All I can tell is, I was standing there and a sheet flew out and caught my wrist and pulled me in."

The single question presented by this appeal is whether the Court below erred in refusing to take the case from the jury.

The principles applicable here are the same which we applied in the case of *Chas. W. R. Yentsch, Infant,* v. *The Chloride of Silver Dry Cell Battery Co.,* 96 Md. 679, decided at this term and are so well settled that they do not admit of discussion. We may start with the statement that it is a well-settled rule "that if the operation of a machine involves danger to an inexperienced person both justice and humanity impose upon the employer, when directing a youth without previous knowledge of the machine to work upon it, the duty of giving him such warning or instruction as would enable him to operate it safely by the use of that degree of care which might reasonably be expected of him." *Nat. Enam. Co.* v. *Brady,* 93 Md. 650; *Levy* v. *Clark,* 90 Md. 146. And it is equally well settled that it was the duty of the defendant to furnish sufficient light to enable the employees to perform their labor with reasonable safety, while exercising due care and caution on their part to avoid the known dangers incident to the employment. It only remains, therefore, to examine the record to ascertain if there was any testimony offered by the plaintiff at the trial below legally sufficient to show, first, that the machine the plaintiff was employed to run was dangerous ; that he was an inexperienced youth and that the defendant failed to give him any instructions or to warn him of the danger, and second, that the place where he worked was not sufficiently lighted to enable him to do his work with safety.

Several witnesses testified that the wringers are dangerous machines. One of them said that these machines "are

especially dangerous ; that every body is afraid of and had to be careful of them ; that she had often seen things fly out of them, and that the reason she thinks the machines are dangerous is because they should be packed carefully and have somebody who knows something about it to run them ; they should be instructed in all these machines ;   *   *   *   that one has to have light to see to pack the wringer, and if it was dark one could not see to pack it, and it has to be packed right or the pieces will fly out."    There was other testimony to the effect that it was not an unheard of thing for pieces of clothing to fly out of the wringer when it was in motion.

The plaintiff testified that no instructions were given him, that he " was just told to take the wringers and go to work." In regard to his experience he testified that he had none, except helping another man ; that he had worked these machines six or seven times an hour each time and perhaps once a-half a day; that he never, until he went regularly to work to run the wringer, had arranged the clothes in the basket so that it would balance.

There was testimony also which if believed by the jury (and as the case is now presented it must be conceded to be true) that the light was not sufficient to enable the plaintiff to see distinctly and to do his work with safety; " that he could not see with the light he had after Mr. Moffit (the manager) turned it down   *   *   *, that if there had been sufficient light at the time of the accident he could without putting his head down in the wringer, have told whether or not these clothes were wobbly, and that as slow as the wringer was going he could have seen whether anything looked like it was coming out or not and could have shut the wringer down and fixed it."

We think it is clear, therefore, that there was evidence legally sufficient to go to the jury and the jury alone can determine its weight in point of fact.    It follows that the judgment appealed from must be affirmed.

*Judgment affirmed.*

(Decided April 1st, 1903.)